FRANK MAZZIETELLE, PLAINTIFF, v. BELLEVILLE NUTLEY BUICK CO., A CORPORATION OF THE STATE OF NEW JERSEY, AND BUICK MOTOR CO., A CORPORATION OF THE STATE OF MICHIGAN, DEFENDANTS.

Essex County Court
Law Division

Decided February 20, 1957.

*Mr. James L. Handford,* attorney for plaintiff (*Mr. Robert M. Wood,* appearing).

*Mr. J. Emmett Cassidy,* attorney for defendant Belleville Nutley Buick Co. (*Mr. John E. Ryan,* appearing).

COLIE, J. S. C. (temporarily assigned). This matter was tried before the court and a jury on February 4, 1957 and resulted in a $2,500 verdict for plaintiff. The action was grounded on negligence. At the conclusion of the plaintiff's case and again at the conclusion of the defendant's case, motions for an involuntary dismissal were denied and the matter submitted to the jury.

The factual situation is undisputed. Plaintiff purchased a new 1955 Buick Roadmaster from Belleville Nutley Buick Co. Delivery of the car was made on September 20, 1955. The plaintiff testified that shortly thereafter there was a burnt smell when the car was in operation; that the smell emanated from the dashboard area; that the radio did not work satisfactorily and would "cut out"; that it worked off and on and was changed by the defendant three times; that a new voltage regulator was installed, and that there was trouble with the gas feed and in all approximately 15 repairs were made; that between the date of purchase and December 23, 1955 the car had been driven approximately 1,800 miles, and had last been brought to the Belleville Nutley Buick Co. on December 14, on which date repairs were made. Thereafter, and on December 19, the plaintiff brought the car to the defendant and was told that because they were busy, to return the following Monday. On December 23, 1955 plaintiff had driven the car out of his place of employment, parked it at the curb, returned to close the gates, and while doing so heard an explosion and saw that the car was on fire. He further testified that the fire appeared to be under the dashboard; that he was out of the car a couple of minutes and that he was not smoking in the car prior to its catching fire.

Subsequently, a motion was made for a new trial on the ground that the verdict was against the weight of the evidence, and combined with the motion for a new trial, the defendant moved for a directed verdict in its favor on the ground that the court erred in refusing to grant an involuntary dismissal both at the end of the plaintiff's case and at the end of the defendant's case.

At the argument on the motion, counsel stated to the court that there was nothing additional by way of evidence that could be introduced if a new trial were granted. It would therefore seem that the case is one in which the court should, in the interest of justice and expedition, grant a judgment *non obstante veredicto,* if the court has power so to do.

The question is not a novel one in this State. In *Mortgage Corporation of New Jersey v. Aetna Casualty & Surety Co.,* 19 *N. J.* 30 (1955), the Supreme Court had before it the procedural propriety of the trial court's action in entering final judgment, notwithstanding the jury's contrary verdict, but the court did not feel it necessary to pass upon whether the trial court had that right, saying: "However, we need not deal with the matter since, under the enlightened practice approved in the *Miller* [*Miller v. Board of Chosen Freeholders,* 10 *N. J.* 398 (1952)], *Jaroszewski* [*Jaroszewski v. Central R. Co.,* 9 *N. J.* 231 (1952)] and *Siegler* [*George Siegler Co. v. Norton,* 8 *N. J.* 374 (1952)] cases, *supra,* final judgment may justly be entered here." The court then went on and entered judgment for the plaintiff in accordance with the final judgment entered in the Law Division. As I read that opinion, it leaves open the question, and since the entry of a judgment *non obstante veredicto* was recognized at common law and, in the absence of any statute or rule of court prohibiting such action by the trial court, I believe that such power exists. There is no question but that it exists in the Supreme Court and probably in the Appellate Division, and I can see no justification for denying it to trial courts where enlightened procedure in the pursuit of justice calls for its application.

Believing that the evidence before the court cannot support the verdict of the jury, the court will sign an order setting aside the verdict in favor of the plaintiff and against the defendant and enter judgment in favor of the defendant against the plaintiff. No costs will be allowed.